Argued and submitted November 21, 1990, reversed and remanded for
reconsideration October 30, 1991

In the Matter of the Compensation of
Gilbert Archer, Jr., Claimant.
SOUTHWEST FOREST INDUSTRIES,
*Petitioner,*

*v.*

Gilbert ARCHER,
Harry & David, Inc.,
and SAIF Corporation,
*Respondents.*

(86-10377, 86-16025; CA A63020)

819 P2d 748

H. Scott Plouse, Medford, argued the cause for petitioner.
On the brief were Kimberly D. Wallan and Cowling & Heysel,
Medford.

John A. Reuling, Jr., Assistant Attorney General, Salem,
argued the cause for respondents Harry & David, Inc. and
SAIF Corporation. With him on the brief were Dave
Frohnmayer, Attorney General, and Virginia L. Linder, Solic-
itor General, Salem.

No appearance by respondent Gilbert Archer.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

JOSEPH, C. J.

---
* Joseph, C. J., *vice* Newman, J., deceased.

## JOSEPH, C. J.

Petitioner seeks review of a Workers' Compensation Board order that reversed the referee and awarded claimant compensation for aggravation of his condition. We reverse.

In April, 1984, claimant experienced back pain after lifting a motor while working for petitioner. A chiropractor diagnosed dorsal lumbar back strain. He and an osteopath also recommended that claimant seek psychological counseling for preexisting emotional problems. In July, 1984, petitioner accepted the injury claim.[1] Claimant returned to work but still experienced back pain. Petitioner denied that the pain was compensable. In April, 1985, the referee approved a settlement stipulation and issued a disputed claim settlement order. ORS 656.289(4).

The settlement order provides:

"The parties stipulate as follows:

"(1) That on or about April 19, 1984, Claimant filed a Form 801 Report of Occupational Injury or Disease alleging that he injured his upper, mid and low back during the course of employment on April 10, 1984. The Employer accepted the claim in accordance with the applicable statutes and regulations. Subsequently, Claimant complained of continuing problems to his upper, mid and low back. These problems were diagnosed as having a psychiatric or psychological origin. The Carrier denied the compensability of the present problems and psychiatric origin of them on July 12, 1984. The Claimant requested a hearing.

"(2) The parties each have substantial evidence to support their contentions:

"(a) The Claimant contends that his present problems with his upper, mid and low back are a continuing result of industrial injury.

"(b) The Employer contends that Claimant's problems with his upper, mid and low back have no physical etiology but are due to psychiatric and psychological problems. That these problems are unrelated to and did not arise out of or during the course of Claimant's employment with the Employer or were they caused, aggravated, worsened, or

---

[1] Petitioner denied any liability for the psychiatric condition. Claimant did not appeal that denial.

contributed to by the industrial injury. That the psychiatric problem is pre-existing and unrelated to the industrial injury. * * *

"(3) That it appears to the parties that a bona fide dispute exists as to the compensability of Claimant's claim that his present problems are a result of industrial injury and that the matter should be settled by a lump sum payment of $3,000.00 to Claimant by the Carrier under the provisions of ORS 656.289(4). That Claimant fully understands that said compromise is in full and final settlement of any contention that his present problems and need for care is [sic] compensable.

"(4) Claimant's request for Hearing shall be dismissed with prejudice and *the Employer's denial and Employer's contentions contained in this stipulation shall be affirmed.*" (Emphasis supplied.)

Subsequently, claimant worked for different employers and received treatment for back pain. In November, 1985, petitioner issued a notice of closure. In December, 1986, a determination order awarded claimant additional temporary disability benefits and closed the claim for the back injury.

In March, 1986, claimant experienced back pain after moving boxes while working at Harry & David, Inc. An orthopedic surgeon concluded that claimant had not suffered a new injury but had an ongoing back condition that had been aggravated. Claimant filed a new injury claim with Harry & David, Inc., whose insurer, SAIF, paid interim compensation and then denied the claim. Claimant requested a hearing on SAIF's denial and also notified petitioner that he was claiming an aggravation of the 1984 injury. Petitioner denied the aggravation claim.

The referee found that claimant had suffered neither an aggravation of the back injury while in petitioner's employment nor a new injury at Harry & David, Inc. He affirmed both denials. The Board reversed. It found that claimant had suffered an aggravation of the 1984 injury.

Petitioner[2] assigns errors to the Board's finding that claimant had suffered an aggravation and to its failure

_____

[2] Curiously, claimant has not appeared in this judicial review. Harry & David, Inc., and SAIF, its insurer, filed a brief that effectively agrees with petitioner in all respects.

correctly to interpret the disputed claim settlement order. It argues that claimant could not claim an aggravation, because the settlement order accepted petitioner's contentions that the condition had no physical etiology and did not arise in the course of employment. Therefore, it effectively eliminated the possibility of establishing a causal relationship between the 1984 injury and the purported aggravation.

The Board erred as a matter of law when it did not correctly read and apply the settlement order. The Board's order says that the settlement order "affirmed [petitioner's] acceptance [in 1984] of claimant's back injury and upheld [its] denial of claimant's psychiatric claim." The settlement order, however, does much more than that. It also "affirmed" petitioner's contentions that claimant's upper, middle and low back problems were unrelated to his employment, had no physical origin and were due to psychiatric and psychological problems.

The Board made no findings about whether claimant's physical problems when he filed the aggravation claim in April, 1986, were medically any different from those he had in March, 1985, when the settlement order issued.[3] The referee had found that they were the same. If they were, the settlement order establishes that they are unrelated to his employment by petitioner. We remand to the Board for those findings to be made. If it finds that the 1986 problems were different, then it must decide, under a correct reading, whether the settlement order bars him from asserting an aggravation.

Petitioner also assigns error to the Board's award of fees to claimant's attorney for prevailing on Board review. That award fails with the rest of the Board's order.

Reversed and remanded for reconsideration.

---

[3] The Board relied exclusively on the opinion of a doctor who first saw claimant in October, 1985, seven months after the settlement order was issued.